# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
EVA COLEMAN a/k/a EVA FEDER,

Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.
-------------------------------------------------------------------X

Index No.: ______________/2026

**SUMMONS**

Date Index No. Purchased:

**TO THE ABOVE-NAMED DEFENDANT:**

YOU ARE HEREBY SUMMONED to answer the verified complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the verified complaint.

Plaintiff designates Kings County as the place of trial.

The basis of the venue designated is Plaintiff's residence pursuant to CPLR 503(a); Plaintiff resides in Brooklyn, New York 11230, County of Kings, State of New York.

Defendant's address: Experian Information Solutions, Inc., c/o C T Corporation System, 28 Liberty Street, New York, New York 10005, with service of process available upon the New York Secretary of State pursuant to Business Corporation Law § 306, and upon its registered agent, C T Corporation System, 28 Liberty Street, New York, New York 10005.

Dated: New York, New York
August 14, 2026

THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC
By: s/ Elliot M. Elo
Elliot M. Elo, Esq.
42 West 48th Street, Floor 2
New York, New York 10036-1701
Telephone: (212) 302-1257
Facsimile: (212) 302-1648
Email: elliot@elolawfirm.com
*Attorney for Plaintiff*

TO: EXPERIAN INFORMATION SOLUTIONS, INC.

Experian Information Solutions, Inc., c/o C T Corporation System, 28 Liberty Street, New York, New York 10005, with service of process available upon the New York Secretary of State pursuant to Business Corporation Law § 306, and upon its registered agent, C T Corporation System, 28 Liberty Street, New York, New York 10005.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X
EVA COLEMAN a/k/a EVA FEDER,

Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS, INC.,
Defendant.
--------------------------------------------------------------------X

Index No.: ______________/2026

**VERIFIED COMPLAINT AND JURY DEMAND**

Plaintiff EVA COLEMAN a/k/a EVA FEDER ("Plaintiff"), by her attorney, Elliot M. Elo, Esq. of THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC, as and for her verified complaint against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought by an individual consumer against a consumer reporting agency for willful and negligent violations of section 607(b) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b).

2. Defendant prepares and sells consumer reports concerning Plaintiff that report a charge off notation for every month across nearly four years on two credit card accounts that were closed and charged off in July 2022, that describe those years old charged off balances as "past due as of May 2026", that report payment histories containing internally contradictory sequences of charge off and no data notations, that report a credit utilization of 115 percent on a closed, charged off account, that attribute a one month term to a purchased, defaulted credit card debt, and that contradict themselves within a single document as to Plaintiff's revolving credit usage.

3. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff in the consumer reports it prepared, in violation of 15 U.S.C. § 1681e(b).

4. This action does not assert any claim under 15 U.S.C. § 1681g or 15 U.S.C. § 1681i, and no allegation herein should be construed as such a claim.

## PARTIES

5. Plaintiff EVA COLEMAN a/k/a EVA FEDER is a natural person who resides in Brooklyn, New York 11230, in the County of Kings, State of New York.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) because she is an individual.

7. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. is an Ohio corporation with its principal executive office in Costa Mesa, California.

8. Defendant is authorized to do business in the State of New York as a foreign business corporation, where it is registered with the New York Department of State under DOS ID 2076147.

9. Defendant's registered agent in New York is C T Corporation System, 28 Liberty Street, New York, New York 10005, and Defendant may be served through the New York Secretary of State pursuant to Business Corporation Law § 306.

10. Defendant is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) because, for monetary fees, dues, or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports.

11. Defendant is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis within the meaning of 15 U.S.C. § 1681a(p).

12. The written, oral, or other communications of credit information concerning Plaintiff that Defendant prepares and furnishes to third parties are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action because state courts have concurrent jurisdiction over claims arising under the FCRA pursuant to 15 U.S.C. § 1681p.

14. This Court has general personal jurisdiction over Defendant pursuant to CPLR 301 because Defendant is registered to do business in New York and maintains a continuous and systematic course of business in New York.

15. This Court also has specific personal jurisdiction over Defendant pursuant to CPLR 302(a)(1) because Defendant transacts business within New York, including by assembling and selling consumer reports concerning New York consumers such as Plaintiff, and Plaintiff's claims arise from those transactions.

16. Venue is proper in Kings County pursuant to CPLR 503(a) because Plaintiff resides in Kings County.

17. This action was commenced within two years after the date of Plaintiff's discovery of the violations alleged herein and within five years after the date on which the violations occurred, and is therefore timely under 15 U.S.C. § 1681p.

## STATUTORY FRAMEWORK

18. Section 1681e(b) of the FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

19. Information in a consumer report is inaccurate under 15 U.S.C. § 1681e(b) not only when it is patently false, but also when it is materially misleading, that is, when it is presented in a manner that creates a materially misleading impression on a user of the report, *see Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269-70 (2d Cir. 2023) (accuracy under the FCRA, in Defendant's own appeal, requires that reported information be correct and not materially misleading).

20. The reasonableness of a consumer reporting agency's procedures under 15 U.S.C. § 1681e(b) is measured against what a reasonably prudent consumer reporting agency would do in light of the information available to it, including industry reporting standards and internal inconsistencies apparent on the face of the data itself.

21. The Metro 2 Format, promulgated by the Consumer Data Industry Association ("CDIA"), of which Defendant is a member, is the industry standard governing how furnishers report account information to consumer reporting agencies, including the fields for account status, payment rating, payment history profile, date of first delinquency, current balance, credit limit, terms, and the treatment of charged off and collection accounts.

## FACTUAL ALLEGATIONS

22. At all relevant times, Defendant has assembled, maintained, and sold consumer report information concerning Plaintiff.

23. On June 4, 2026, Defendant generated through its own online service at usa.experian.com a twenty page rendition of the consumer report information concerning Plaintiff that Defendant assembled and reported as of that date (the "June 2026 Experian Report").

24. A true and correct copy of the June 2026 Experian Report is attached hereto as Exhibit A and is incorporated herein by reference.

25. The June 2026 Experian Report identifies one credit inquiry: an inquiry by FIRST TECH FCU, a credit union, dated February 18, 2025, which the report states will remain on record until March 2027.

26. Defendant therefore prepared and furnished at least one consumer report concerning Plaintiff to a third party, FIRST TECH FCU, on or about February 18, 2025.

27. Upon information and belief, the consumer report Defendant furnished to FIRST TECH FCU contained the same tradeline information concerning Plaintiff described below, because the payment history grids in the June 2026 Experian Report display the same charge off notations for every month of 2023, 2024, and the portion of 2025 preceding that inquiry.

28. Upon information and belief, Defendant has prepared and furnished additional consumer reports concerning Plaintiff to third parties containing the same tradeline information described below.

## THE DISCOVER TRADELINE

29. The June 2026 Experian Report contains a tradeline styled DISCOVERC, account number displayed as 601100XXXXXX, opened September 18, 2014 (the "Discover Tradeline").

30. The Discover Tradeline states "Status updated Jul 2022" and reports the account as closed.

31. The Discover Tradeline states in its Status field: "Account charged off. $14,728 written off. $14,728 past due as of May 2026."

32. The Discover Tradeline reports a Balance of $14,728, a "Balance updated" date of May 22, 2026, a Past due amount of $14,728, and a Credit limit of $13,000.

33. The payment history grid of the Discover Tradeline displays the notation CO, which Defendant's own legend defines as "Charge off", for July 2022 through December 2022, for every month of 2023, for every month of 2024, for every month of 2025, and for January 2026 through May 2026.

34. The Discover Tradeline thereby displays approximately forty-seven consecutive monthly charge off notations for a single account that was charged off once, in or about July 2022, and on which the account was closed.

35. A credit card account is charged off once, when the creditor writes off the balance as a loss, and an account that was charged off and closed in July 2022 does not thereafter incur a new charge off event each month.

36. The recurring monthly charge off notations create the materially misleading impression on a user of the report that Plaintiff incurred new derogatory charge off events every month through May 2026, rather than a single charge off event in July 2022.

37. The statement that $14,728 is "past due as of May 2026" on an account that was closed and written off in July 2022 creates the materially misleading impression on a user of the report that Plaintiff currently owes a past due monthly obligation on an open, collectible account and is presently delinquent on it, rather than that the account was written off years earlier.

38. The Discover Tradeline reports a Balance of $14,728 against a Credit limit of $13,000, a utilization of approximately 113 percent, on an account that has been closed since 2022 and on

which no credit is available, creating the materially misleading impression of extreme current overextension.

## THE JPMCB TRADELINE

39. The June 2026 Experian Report contains a tradeline styled JPMCB CARD, account number displayed as 414720XXXXXX, opened August 27, 2020 (the "JPMCB Tradeline").

40. The JPMCB Tradeline states "Status updated Jul 2022" and reports the account as closed.

41. The JPMCB Tradeline states in its Status field: "Account charged off. $5,842 written off. $5,842 past due as of May 2026."

42. The JPMCB Tradeline reports a Balance of $5,842, a "Balance updated" date of May 18, 2026, a Past due amount of $5,842, and a Credit limit of $5,100.

43. The JPMCB Tradeline reports a Balance of $5,842 against a Credit limit of $5,100, a utilization of approximately 115 percent, on an account that has been closed since 2022 and on which no credit is available, creating the materially misleading impression of extreme current overextension.

44. The payment history grid of the JPMCB Tradeline displays the delinquency notations 30 through 180 for January 2022 through June 2022, the notation CO for July 2022, and then the notation ND, which Defendant's own legend defines as "No data for this period", for August 2022 through December 2022.

45. The payment history grid of the JPMCB Tradeline then displays the notation ND for January 2023 through July 2023, followed by the notation CO for August 2023 through December 2023, followed by the notation CO for every month of 2024 and 2025 and for January 2026 through May 2026.

46. The JPMCB Tradeline is internally contradictory on its face, because it reports that the account was charged off in July 2022, then reports that there is no data for the immediately following ten of twelve months, and then reports that monthly charge offs resumed in August 2023 and continued through May 2026.

47. The recurring monthly charge off notations on the JPMCB Tradeline create the materially misleading impression on a user of the report that Plaintiff incurred new derogatory charge off events every month through May 2026, rather than a single charge off event in July 2022.

48. The statement that $5,842 is "past due as of May 2026" on an account that was closed and written off in July 2022 creates the materially misleading impression on a user of the report that Plaintiff currently owes a past due monthly obligation on an open, collectible account and is presently delinquent on it.

## THE SPRING OAKS COLLECTION TRADELINE

49. The June 2026 Experian Report contains a collection tradeline styled SPRING OAKS CAPITAL LL, account number displayed as 111972XXX, identifying FIRST NATIONAL BANK OF OMAHA as the original creditor and reporting an Account type of "Debt Buyer" (the "Spring Oaks Collection Tradeline").

50. The Spring Oaks Collection Tradeline reports "Date opened Jul 19, 2022" and "Status updated Jul 2022".

51. The Spring Oaks Collection Tradeline states in its Status field: "Collection account. $16,490 past due as of May 2026."

52. The Spring Oaks Collection Tradeline reports a Balance of $16,490, an Original balance of $16,490, a Past due amount of $16,490, and a "Balance updated" date of May 29, 2026.

53. The Spring Oaks Collection Tradeline reports "Terms 1 Month".

54. A purchased, defaulted, charged off credit card debt held by a debt buyer has no repayment term, and the reported one month term is false, because Plaintiff never agreed to any one month credit term with the debt buyer.

55. The reported one month term creates the materially misleading impression on a user of the report that Plaintiff undertook and defaulted on a current one month payment obligation to the debt buyer.

56. The payment history grid of the Spring Oaks Collection Tradeline displays the notation C, which Defendant's own legend defines as "Collection", beginning only in May 2025 and continuing through May 2026, and displays dashes for all months of 2025 preceding May 2025.

57. The account was assigned to the debt buyer on July 19, 2022, and a payment history that first displays collection status nearly three years later creates the materially misleading impression on a user of the report that the collection is of recent vintage.

58. The Spring Oaks Collection Tradeline bears the remark "Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)", so that Defendant possessed specific notice that Plaintiff had disputed the information reported in this very tradeline.

**THE REPORT CONTRADICTS ITSELF**

59. The account summary section of the June 2026 Experian Report states Plaintiff's overall revolving credit usage as "Credit used: $247" against "Credit limit: $15,520", a ratio of approximately two percent.

60. A later section of the same June 2026 Experian Report states: "Ratio of your revolving balances to your credit limits: 107%".

61. The same Defendant-prepared document thereby states two irreconcilable values, two percent and 107 percent, for the same metric concerning the same consumer as of the same date.

62. The 107 percent figure results from Defendant's inclusion of the written off balances of the closed, charged off Discover and JPMCB accounts as current revolving balances measured against the limits of closed accounts on which no credit is available.

63. The same June 2026 Experian Report also states that Plaintiff's "most recent missed payment happened: 3 Years, 11 Months ago", while the payment history grids of the Discover Tradeline and the JPMCB Tradeline in the same document display derogatory CO notations for every month through May 2026.

64. A consumer report that contradicts itself on its face as to the currency of the consumer's delinquency and the extent of the consumer's revolving credit usage is not maximally accurate and is materially misleading to a user of the report.

65. These contradictions were apparent on the face of the data Defendant assembled, and reasonable procedures would have detected and prevented them before Defendant prepared consumer reports containing them.

## FAILURE OF REASONABLE PROCEDURES

66. Each of the inaccuracies and materially misleading presentations alleged above appears on the face of the data Defendant itself assembled, formatted, and reported.

67. Defendant designed and controls the systems, templates, and display logic that translate furnisher data into the tradeline presentations alleged above, including the recurring monthly charge off notations, the "past due as of" status language, the utilization figures on closed accounts, the term field for debt buyer collections, and the summary calculations.

68. A reasonably prudent consumer reporting agency following reasonable procedures would not report recurring monthly charge off events for years after a single charge off, would not describe a years old written off balance as past due as of the current month, would not report over 100 percent utilization on closed accounts with no available credit, would not attribute a one month term to a purchased defaulted debt, and would not issue a report that contradicts itself as to the same metric.

69. Defendant possessed specific notice of problems with the Spring Oaks Collection Tradeline because that tradeline bears Defendant's own remark that the consumer disputed the account information.

70. Defendant's failure to detect and prevent the facially false, internally contradictory, and materially misleading reporting alleged above was a failure to follow reasonable procedures to assure maximum possible accuracy in violation of 15 U.S.C. § 1681e(b).

## WILLFULNESS ALLEGATIONS

71. A defendant willfully violates the FCRA where it acts knowingly or with reckless disregard of its statutory obligations, that is, where its conduct entails an unjustifiably high risk of violating the statute, *see Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-58, 69-70 (2007).

72. Defendant assembles and formats tradeline data through automated systems and standardized display logic that Defendant designed, programmed, and controls.

73. The recurring monthly charge off notations, the current tense past due status language on years old written off accounts, and the utilization presentations on closed accounts are the uniform output of Defendant's system design choices, not clerical accidents unique to Plaintiff.

74. Defendant has known for years, through the Metro 2 Format standards of the CDIA of which it is a member, how charged off accounts, dates of first delinquency, and collection accounts are to be reported and presented.

75. In May 2015, Defendant, together with the other nationwide consumer reporting agencies, entered into an Assurance of Voluntary Compliance with the Attorneys General of thirty-one states concerning its consumer reporting practices, including practices governing the accuracy of collection and debt buyer reporting, further confirming Defendant's specific notice of its accuracy obligations.

76. Defendant has litigated the FCRA accuracy standard in the United States Court of Appeals for the Second Circuit, *see Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269-70 (2d Cir. 2023), and is on specific notice that materially misleading presentation violates the statute in the jurisdiction embracing this Court.

77. Upon information and belief, Defendant has received repeated complaints from consumers, including complaints submitted through the Consumer Financial Protection Bureau's public complaint database, concerning its reporting of charged off accounts as currently past due and its recurring monthly derogatory notations on closed accounts.

78. Notwithstanding that notice, Defendant made a deliberate business decision to continue assembling and selling consumer reports containing the presentations alleged above.

79. Upon information and belief, Defendant prepares and sells consumer reports containing the same categories of false and materially misleading presentations concerning thousands of other consumers, such that Defendant's violations are systemic rather than isolated.

80. Defendant's violations of 15 U.S.C. § 1681e(b) were accordingly willful within the meaning of 15 U.S.C. § 1681n or, in the alternative, negligent within the meaning of 15 U.S.C. § 1681o.

## INJURY TO PLAINTIFF

81. Defendant prepared and furnished to at least FIRST TECH FCU, a credit union from which Plaintiff sought credit, a consumer report concerning Plaintiff containing the false and materially misleading information alleged above.

82. The false and materially misleading information alleged above communicates to users of Defendant's consumer reports that Plaintiff is presently and continuously delinquent, presently past due on written off obligations, and presently overextended beyond her credit limits.

83. The publication of false and materially misleading credit information to third parties harmed Plaintiff's reputation for creditworthiness, a harm bearing a close relationship to the harm traditionally redressed by the tort of defamation.

84. As a direct and proximate result of Defendant's violations, Plaintiff suffered actual damages including damage to her reputation for creditworthiness, frustration, anxiety, aggravation, embarrassment, and emotional distress.

85. As a further direct and proximate result of Defendant's violations, Plaintiff lost time and incurred effort reviewing Defendant's reporting and attempting to understand and address the false and materially misleading information Defendant reports about her.

86. Plaintiff's injuries are concrete and particularized and are actual rather than conjectural.

**AS AND FOR A FIRST CAUSE OF ACTION**

(Willful Violation of 15 U.S.C. § 1681e(b), pursuant to 15 U.S.C. § 1681n)

87. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

88. Defendant violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff in the consumer reports it prepared, including the false and materially misleading Discover Tradeline, JPMCB Tradeline, and Spring Oaks Collection Tradeline described above and the internally contradictory report content described above.

89. Defendant's violations were willful within the meaning of 15 U.S.C. § 1681n because Defendant acted knowingly or in reckless disregard of its statutory duties, as alleged above.

90. Pursuant to 15 U.S.C. § 1681n(a), Plaintiff is entitled to recover her actual damages or statutory damages of not less than $100 and not more than $1,000, punitive damages, and her costs together with reasonable attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION**

(Negligent Violation of 15 U.S.C. § 1681e(b), pursuant to 15 U.S.C. § 1681o)

91. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

92. In the alternative, Defendant negligently failed to comply with 15 U.S.C. § 1681e(b) as alleged above.

93. As a direct and proximate result of Defendant's negligent noncompliance, Plaintiff suffered actual damages as alleged above.

94. Pursuant to 15 U.S.C. § 1681o(a), Plaintiff is entitled to recover her actual damages and her costs together with reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. as follows:

(a) On the First Cause of Action, actual damages or statutory damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3);

(b) On the Second Cause of Action, actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2);

(c) Prejudgment and postjudgment interest to the fullest extent permitted by law; and

(d) Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues and causes of action so triable in this action.

Dated: New York, New York
August 14, 2026

THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC

By: s/ Elliot M. Elo
Elliot M. Elo, Esq.
42 West 48th Street, Floor 2
New York, New York 10036-1701
Telephone: (212) 302-1257
Facsimile: (212) 302-1648
Email: elliot@elolawfirm.com
*Attorney for Plaintiff*

## ATTORNEY VERIFICATION

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

ELLIOT M. ELO, ESQ., an attorney duly admitted to practice law before the courts of the State of New York, affirms the following to be true under the penalties of perjury pursuant to CPLR 2106:

1. I am the attorney of record for Plaintiff EVA COLEMAN a/k/a EVA FEDER in the above-captioned action, and I maintain my office in the County of New York, State of New York.

2. I have read the foregoing verified complaint and know the contents thereof, and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

3. This verification is made by me and not by Plaintiff pursuant to CPLR 3020(d)(3) because Plaintiff resides in the County of Kings, which is not the county where I maintain my office.

4. The grounds of my belief as to all matters not stated upon my own knowledge are the documents, records, and file materials maintained in my office concerning this matter, including the consumer file materials referenced in the verified complaint, and communications concerning this matter.

Dated: New York, New York
August 14, 2026

s/ Elliot M. Elo
Elliot M. Elo, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X
EVA COLEMAN a/k/a EVA FEDER,

Index No.: _____________/2026

Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.
--------------------------------------------------------------------X

**NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING**

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b)(3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (described below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent/Represent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: (1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and (2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@nycourts.gov.

Dated: New York, New York
August 14, 2026

THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC
By: s/ Elliot M. Elo
Elliot M. Elo, Esq.
42 West 48th Street, Floor 2
New York, New York 10036-1701
Telephone: (212) 302-1257
Facsimile: (212) 302-1648
Email: elliot@elolawfirm.com
*Attorney for Plaintiff*

Case 1:26-cv-05519-AMD-RML Document 1-1 Filed 09/04/26 Page 21 of 21 PageID #: 25

TO: EXPERIAN INFORMATION SOLUTIONS, INC.

Experian Information Solutions, Inc., c/o C T Corporation System, 28 Liberty Street, New York, New York 10005, with service of process available upon the New York Secretary of State pursuant to Business Corporation Law § 306, and upon its registered agent, C T Corporation System, 28 Liberty Street, New York, New York 10005.