UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

EVA COLEMAN,
Plaintiff,

- against -

No. 1:26-cv-05519-AMD-RML

EXPERIAN INFORMATION SOLUTIONS, INC.,
Defendant.

---------------------------------------------------------x

# EXHIBIT B

October 13, 2026 email from Elliot M. Elo, Esq. to Michael D. Shriner, Esq., declining the proposed stipulation to arbitration, as sent

From: Elliot M. Elo, Esq. <elliot@elolawfirm.com>

To: "Shriner, Michael D." <mshriner@goodwinlaw.com>

Cc: "Vogt, John A." <javogt@goodwinlaw.com>

Subject: Re: Stipulation to Arbitration - Coleman v. Experian, E.D.N.Y. Nos. 1:26-cv-05519-AMD-RML and 1:26-cv-05520-NRM-LKE

Michael,

Plaintiff will not stipulate to arbitration in either case.

Your email mischaracterizes paragraph 58 of the complaint in No. 1:26-cv-05520. That paragraph alleges that § 1681g(a) contains no exception permitting masking of account numbers in a disclosure to the consumer, subject only to the identification requirements of 15 U.S.C. § 1681h(a)(1). It further alleges that Plaintiff satisfied those requirements, "as demonstrated by the fact that Defendant authenticated Plaintiff and delivered the Disclosure to her through her own account on Defendant's website." It is pleaded to address identification under § 1681h(a)(1), and for nothing else.

Neither complaint alleges that Plaintiff is or was a CreditWorks member, that she enrolled in any Experian or ConsumerInfo.com product, that she assented to any terms of use, or that she agreed to arbitrate. Paragraph 58 does not admit any of those things, and it appears in only one of the two complaints in any event. Your statement that Plaintiff "has been a CreditWorks member since 9/17/2020" finds no support in either complaint, and your email attaches no evidence for it.

If Experian contends that Plaintiff entered into an agreement to arbitrate, Experian bears the burden of proving it. If Experian intends to move, please first identify and produce:

- the agreement it relies on;
- each version of the terms Experian contends binds Plaintiff;
- the date and manner of each assent Experian claims;
- the records on which Experian bases its membership assertion; and
- the basis on which Experian Information Solutions, Inc. claims a right to enforce any such agreement.

Plaintiff will oppose any motion to compel arbitration and reserves all rights, objections, and arguments, including waiver.

Please continue to direct all communications in writing.

Elliot M. Elo, Esq.
THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC